## Fisher's Petition

*Thomas D. Caldwell,* of *Caldwell, Fox & Stoner,* for petitioner.

*M. Louise Rutherford,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellees.

Fox, J., November 18, 1941.—The controversy now arising in the above-stated case is whether the entire record of the proceedings before the wage board and the Department of Labor and Industry are material and necessary for the proper presentation of the case before the appellate court.

The Attorney General contends that the entire record before the wage board and the Department of Labor and Industry is material and necessary.

The attorneys for petitioner contend that it is not material and necessary and is useless; besides that to print the whole of such record would be extravagant and costly to petitioner.

At the outset of the case it was stipulated by the parties, inter alia, "that the question in the above case would be confined to whether or not the Act of May 27, 1937, P. L. 917, violates the provisions of the State and Federal Constitutions. All other questions alleged and denied are to be ignored, the same as if stricken from the record".

At the argument before the court en banc and in their brief, counsel for petitioner confined the argument solely to reason no. 12 in the petition, to wit, "that the act violates article 2, sec. 1, of the Constitution in that it attempts to delegate the legislative power of the Commonwealth to the executive branch of the government".

This court then, in its opinion, considered reason no. 12 in the petition relating to article II, sec. 1, of the Constitution, and, inter alia, ordered, adjudged, and decreed that the said act, supra, commonly known as

the "Minimum Wage Law" is constitutional and the appeal was dismissed at the cost of petitioner.

In the brief for appellant, appellant's statement of the question involved is: "Is there such an improper delegation of authority under the provisions of the Act of May 27, 1937, P. L. 917, 43 PS §331a, providing for the establishment of minimum fair wages, as to render provisions of the said act unconstitutional?"

A notice was given by petitioner to the Attorney General of what the attorneys intended to print. An answer to this was filed by the Attorney General. The court fixed a time for hearing and argument, and argument was made. Since the latter argument, we have carefully examined the mass of testimoney and find its contents to be as follows:

Report to the wage board for the laundry industry on employment of women and minors in laundry occupations in Pennsylvania.

A minimum wage budget for employed women in Pennsylvania.

Minutes of meeting held by the wage board for the laundry industry.

Index to the record of Department of Labor and Industry in the matter of fixing minimum wages in the laundry industry.

Certification of transcript of record of proceedings by Department of Labor and Industry of the Commonwealth of Pennsylvania.

Minutes of meetings held by the wage board for the laundry industry.

Report to the wage board for the laundry industry on employment of women and minors in laundry occupations in Pennsylvania.

Supplementary tables to laundry report.

Supplement to a minimum wage budget for employed women in Pennsylvania.

Minimum fair wage standards.

Report of the Pennsylvania Minimum Wage Board for Laundries.

Record of the public hearing on the intention of making directory order no. 2 for laundry industries of Pennsylvania.

Statement of hours and wages of employes in Becker's Laundry, Tyrone Laundry, Commercial Laundry, Wright Laundry, Tamaqua Laundry, Mechanicsburg Laundry, Troy Laundry, Troy Steam Laundry, Washber's York City Laundry, Royal Laundry Company, Yorger's Laundry.

Wage order report inspections to December 1, 1940.

A letter from Secretary of Labor and Industry to Pennsylvania laundry-owners and managers.

Duplicates of letters and telegrams.

Report of investigator.

Notice of public hearing.

Letter from Secretary of Labor and Industry to advertising manager.

Printed poster—Minimum fair wage standards.

Copy of letter sent to eight newspapers throughout Pennsylvania as written by Secretary of Labor and Industry.

The Attorney General has argued that the Act of May 11, 1911, P. L. 279, relating to the time and manner of taking exceptions, and to transcribing evidence taken upon the trial of any case and rule 55 of the Supreme Court Rules, p. 31, are inapplicable in the case.

We do not deem it necessary to pass upon that question. The Attorney General by the stipulation, we think, has narrowed the consideration of the case to the provisions of the act and the State and Federal Constitutions. We have passed upon these questions from which the appeal has been taken. The only complaint on the part of counsel for petitioner is that there is an unlawful delegation of power conferred by the act, known as the Minimum Wage Law.

In the case of Panama Refining Co. et al. v. Ryan et al., 293 U. S. 388, 420, the court said:

"The question whether such a delegation of legislative power is permitted by the Constitution is not answered by the argument that it should be assumed that the President has acted, and will act, for what he believes to be the public good. The point is not one of motives but of constitutional authority, for which the best of motives is not a substitute. While the present controversy relates to a delegation to the President, the basic question has a much wider application. If the Congress can make a grant of legislative authority of the sort attempted by §9(c), we find nothing in the Constitution which restricts the Congress to the selection of the President as grantee." And at page 430:

"The question is not of the intrinsic importance of the particular statute before us, but of the constitutional processes of legislation which are an essential part of our system of government."

Wherefore we are unable to conclude that the testimony as filed would be of any aid in determining the question before the court as stated above.

And now, November 18, 1941, upon due consideration, it is hereby ordered, adjudged and decreed that the transcript of the record from the wage board of the Department of Labor and Industry be omitted except that part which appellant has agreed to present.